IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Al Zeiny, | ) |
|       Plaintiff, | ) |
| vs. | ) Civil Action No.: 1:09-cv-2821-TLW-JRM |
| Washington Safety Management Solutions, LLC, | ) |
|       Defendant. | ) |

# ORDER

The plaintiff, Al Zeiny ("plaintiff"), brought this civil action on October 28, 2009, alleging Title VII claims for hostile work environment, discrimination, and retaliation. (Doc. # 1). The plaintiff also alleges a state law claim for defamation. (Doc. # 1). The defendant, Washington Safety Management Solutions, LLC ("defendant"), filed a motion for summary judgment on March 30, 2011. (Doc. # 35). The plaintiff submitted a response in opposition (Doc. # 37), to which the defendant filed a reply (Doc. # 40). On May 2, 2011, the plaintiff filed a motion objecting to affidavits attached to defendant's reply memorandum. (Doc. # 41). The defendant submitted a response in opposition (Doc. # 46), to which the plaintiff filed a reply (Doc. # 47).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey to whom this case had previously been assigned. (Doc. # 48). In the Report, the Magistrate Judge recommends that the District Court grant the defendant's motion for summary judgment (Doc. # 35), in part, as to the plaintiff's disparate discipline, retaliation, and defamation claims and deny the motion, in part, as

1

to the plaintiff's claim for harassment/hostile environment. (Doc. # 48). The Magistrate Judge also recommends that the District Court deny the motion objecting to affidavits attached to defendant's reply memorandum (Doc. # 41). (Doc. # 48). The plaintiff and defendant filed objections to the Report. (Docs. 49, 50). Each party also submitted a reply to the opposing party's objections. (Docs. 53, 56). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has carefully reviewed the Report. In addition, the Court has reviewed the objections, replies to the objections, and, independent of the Report, the submitted record. The Court finds that the Magistrate Judge's rendition and assessment of the facts set forth in the Report is accurate. Therefore, after careful consideration, the Court **ACCEPTS** the Report. (Doc. # 48). For the reasons articulated by the Magistrate Judge, the defendant's motion for summary judgment (Doc. # 35) is **GRANTED**, **in part**, as to the plaintiff's claims for disparate discipline, retaliation, and defamation and **DENIED**, **in part**, as to the plaintiff's claim for harassment/hostile environment. The plaintiff's motion objecting to affidavits attached to defendant's reply memorandum (Doc. # 41) is **DENIED**.

2

**IT IS SO ORDERED**.

                                                                         s/Terry L. Wooten
                                                             United States District Judge

March 30, 2012
Florence, South Carolina